THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES SHOTWELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZILLOW GROUP, *et al.*,<br><br>Defendants. | CASE NO. C17-1387-JCC<br><br>ORDER |

This matter comes before the Court on Jo Ann Offutt, Raymond Harris, and Johanna Choy's (collectively "Movants") motion to consolidate, for appointment as lead plaintiffs, and approval of their choice of counsel (Dkt. No. 15). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I. **BACKGROUND**

This case involves two related class action lawsuits brought against Zillow Group, Inc., Spencer Rascoff (Zillow's CEO), and Kathleen Philips (Zillow's CFO) (collectively "Defendants") for alleged violations of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 77, *et seq*. (Dkt. Nos. 10 at 2, 16-7 at 2.) On August 22, 2017, Stephen Vargosko filed a class action lawsuit against Defendants in the Central District of California (the

"*Vargosko* Action"). (Dkt. No. 16-6) (*Stephen Vargosko v. Zillow Group, Inc., et al.*, No. 2:17-cv-06207 (C.D. Cal. Aug 22, 2017)). Vargosko's counsel immediately filed notice pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") advising potential class members of the alleged claims and the deadline for filing a motion to be appointed as lead plaintiff. (Dkt. No. 16-1 at 2.) On October 23, 2017, Movants filed a motion in the *Vargosko* Action to be appointed as lead plaintiffs and approve their selected counsel. (Dkt. Nos. 15 at 3, 16-2 at 2–8.)

On September 14, 2017, Plaintiff James Shotwell filed his complaint against Defendants in this Court (the "*Shotwell* Action"). (Dkt. No. 1.) Shotwell's lawsuit alleges essentially the same claims and facts as the *Vargosko* Action. (*Compare* Dkt. No. 10, *with* Dkt. No. 16-6.) On November 15, 2017, the parties to the *Vargosko* Action stipulated to a transfer to this Court in anticipation that the suits would be consolidated. (Dkt. No. 16-8.)[1] Movants file this renewed motion asking the Court for three things: (1) to consolidate the *Vargosko* Action and *Shotwell* Action (as well as other related cases filed in the future); (2) to appoint Movants as lead plaintiffs pursuant to PSLRA; and (3) approve Movants selection of lead and local counsel. (Dkt. No. 15 at 2.) The Court addresses these issues in turn.

## II. DISCUSSION

### A. Consolidation

A district court may consolidate actions that involve a common question of law or fact. Fed. R. Civ. P. 42(a)(1). Courts are afforded "broad discretion" to consolidate related matters that are pending in the same district. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) (citation omitted). PLSRA envisions that separate actions asserting "substantially the same claim or claims" will be consolidated and requires the district court to rule on a motion to

---

[1] After transfer, the *Vargosko* action was initially assigned to the Hon. James L. Robart. *See* C17-01721-JLR. It was subsequently transferred to this Court based on the parties' filing of a notice of related case and Movants' pending motion to consolidate.

consolidate prior to appointing a lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(ii).

The *Vargosko* and *Shotwell* actions are identical in nearly all respects. Both allege that Defendants violated the Exchange Act when they made material false and misleading statements in the Company's annual financial reports (form 10-K) in 2016 and 2017. (*Compare* Dkt. No. 10 at 14–20, *with* Dkt. No. 16-6 at 12–15.)[2] Both parties assert that Defendants' subsequent disclosure of possible violations in August 2017 caused over a 15% decline in Zillow's share price, which represents the harm caused to proposed class members. (*Compare* Dkt. No. 10 at 11, *with* Dkt. No. 16-6 at 9.) Also, the time period in which these acts are alleged to have occurred is largely the same. (*See generally* Dkt. Nos. 10, 16-6.) Defendants do not oppose consolidation. (Dkt. No. 18 at 2.)[3]

For those reasons, the Court finds that the *Vargosko* and *Shotwell* actions share common questions of fact and law and it is appropriate to consolidate these matters for all purposes. Pursuant to Federal Rule of Civil Procedure 42(a), Movants motion to consolidate is GRANTED.

### B. Appointment as Lead Plaintiffs

PSLRA sets out specific guidelines for appointing lead plaintiffs in class actions brought under the Exchange Act. A district court can consider a motion to appoint a lead plaintiff, filed by class members in response to a published notice of class action, "as soon as practicable after the Court decides any pending motion to consolidate." 15 U.S.C. § 77z-1(a)(3)(B)(ii); 15 U.S.C. § 78u-4(a)(3)(B)(ii). The motion may be brought by "a class member who is not individually named as a plaintiff in the complaint or complaints . . . ." 15 U.S.C. § 77z-1(a)(3)(B)(i); 15 U.S.C. § 78u-4(a)(3)(B)(i). PSLRA establishes a "rebuttable presumption" that "the most adequate plaintiff" to serve as lead plaintiff is "the person or group of persons" that:

---

[2] In his amended complaint, Shotwell additionally alleges Defendants violated provisions of the Securities Act of 1933, 15 U.S.C. § 77k. (Dkt. No. 10 at 19–20.)

[3] Although not objecting, Defendants expressly reserve all objections and rights they may have in this action. (Dkt. No. 18 at 2.)

> (aa) has either filed the complaint or made a motion in response to a notice . . .[who](bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

On October 23, 2017, Movants made their original motion in response to the notice of class action filed in the *Vargosko* Action. (Dkt. No. 15 at 3.) In the present motion, Movants again ask the Court to appoint them as lead plaintiffs. (*Id*. at 6) The Court is unaware of any other parties that have filed a lead plaintiff motion nor are there objections to Movants' motion. Movants need not be named plaintiffs to file their motion and the statute explicitly allows for "groups of persons" to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The Court concludes that Movants properly filed their motion to be appointed lead plaintiffs.

To determine which plaintiff has the largest financial interest in the relief sought by the class, the court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit" based on "accounting methods that are both rationally and consistently applied." *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir.2002). Movants assert that they purchased a total of 1318 shares of Zillow common stock during the alleged class period. (Dkt. No. 16-2 at 2–8.) Movants further assert that they lost a total of $9,206.05 based on the drop in Zillow's share price that was allegedly caused by Defendants' misconduct. (Dkt. Nos. 15 at 7, 16-2 at 2–8.)[4] Movants state that they are unaware of other class members holding a larger financial interest in the lawsuit. (Dkt. No. 15.)

Based on the record, the only other financial interest the Court can consider is Shotwell's. In his PSLRA class representative certification, Shotwell asserted that he owned 96 shares of Zillow stock at purchase price of $47.82. (Dkt. No. 16-7 at 23–25.) Shotwell did not assert that he sold any shares. (*Id*. at 23) Shotwell owned less shares than Movants during the relevant class period and suffered a smaller alleged loss. (*Compare* Dkt. No. 16-2, *with* Dkt. No. 16-7 at 23.)

---

[4] This is the total amount lost by all three Movants combined. (Dkt. No. 16-2.)

The Court concludes that Movants have demonstrated they have the largest financial interest in this action.

For the purposes of appointing lead plaintiff under PSLRA, Movants need only make out a prima facie showing that they satisfy the requirements of Federal Rule of Civil Procedure 23(a). *Cavanaugh*, 306 F.3d at 730-31. Rule 23 allows a plaintiff to serve as class representative so long as: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims of defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Movants have made a prima facie showing that they would satisfy the requirements of Rule 23(a) as lead plaintiffs. The alleged class, all individuals who purchased Zillow securities during the class period, is sufficiently large that joinder is impracticable. (Dkt. No. 10 at 9.) As the Court noted in its discussion of consolidation, the class shares common questions of law and fact. *See supra* Sec. II.A. The similarity of the allegations made by class members demonstrates that Movants' claims are typical of the class claims. (*See generally* Dkt. Nos. 10, 16-6.) Finally, Movants state that they will fairly and adequately protect the interests of the class. (Dkt. No. 15 at 9–11.) The Court concludes that Movants satisfy the requirements of Rule 23(a) for the purpose of appointment as lead plaintiff under PSLRA.

For the above reasons, the Court finds a rebuttable presumption that Movants are the most adequate plaintiff to serve as lead plaintiffs.[5] The Court therefore GRANTS Movants' motion to be appointed as lead plaintiffs of the putative class.

### C. Approval of Lead Counsel

"The most adequate plaintiff shall, subject to approval of the court, select and retain

---

[5] The Court has not received an objection or other evidence that would require it to test the rebuttable presumption under 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

counsel to represent the class." 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v). "Lead counsel must be 'qualified, experienced and able to vigorously conduct the proposed litigation' on behalf of the class." *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 972 (N.D. Cal. 2001) (quoting *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir.1985)).

Movants have selected the Rosen Law Firm, P.A. as lead counsel, and Hall & George PLLC as local counsel. (Dkt. Nos. 15 at 11, 16-2.) The Rosen Law Firm filed the complaint in the *Vargosko* action. (Dkt. No. 16-6.) In support of its choice, Movants assert counsel has been actively investigating the classes' claims and has significant experience successfully prosecuting securities related class actions. (Dkt. Nos. 15 at 11, 16-4, 16-5.) The Court finds that the proposed lead counsel are qualified and experienced to conduct the litigation and protect the interests of the class. Accordingly, the Court approves of Movants' selection of lead counsel.

## III. CONCLUSION

For the foregoing reasons, Movants motion to consolidate, for appointment as lead plaintiffs, and approval of plaintiff's choice of counsel (Dkt. No. 15) is GRANTED. In accordance with its ruling, the Court ORDERS the following:

1. The *Shotwell* Action (Case No. 2:17-cv-01387-JCC) and *Vargosko* Action (Case No. 2:17-cv-01568-JCC) are consolidated for all purposes including, but not limited to, discovery, pretrial proceedings and trial proceedings pursuant to Federal Rule of Civil Procedure 42(a).

2. The docket in Case No. 2:17-cv-01387-JCC shall constitute the Master Docket for this action.

3. Every pleading filed in the consolidated action shall bear the following caption:

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

-----------------------------------------------X

In re Zillow Group, Inc.                         Master File: C17-1387-JCC

| | |
|---|---|
| 1 | Securities Litigation |
| 2 | CLASS ACTION |
| 3 | ----------------------------------------------X |
| 4 | This Document Relates To: |

4. The file in civil action No. 2:17-cv-01387-JCC shall constitute a master file for every action in the consolidated action. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:" When a pleading applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action.

5. All Securities Class Actions subsequently filed in, or transferred to, this District shall be consolidated into this action. This Order shall apply to every such action, absent an order of the Court. A party objecting to such consolidation, or to any other provisions of this Order, must file an application for relief from this Order within ten days after the date on which a copy of this Order is mailed to the party's counsel.

6. This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, with good cause shown.

7. Pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B), and Section 27(a)(3)(B) of the Securities Act, 15 U.S.C. § 77z-1(a)(3)(B), Movants are appointed as Lead Plaintiffs of the Class, as Movants have the largest financial interest in this litigation and otherwise satisfy the requirements of Fed. R. Civ. P. 23.

8. Movants' choice of counsel is approved, and accordingly, The Rosen Law Firm, P.A. is appointed as Lead Counsel and Hall & George PLLC is appointed as Local Counsel.

9. Lead Counsel, after being appointed by the Court, shall manage the prosecution of this litigation. Lead Counsel is to avoid duplicative or unproductive activities and is hereby vested by the Court with the responsibilities that include, without limitation, the following: (1) to

prepare all pleadings; (2) to direct and coordinate the briefing and arguing of motions in accordance with the schedules set by the orders and rules of this Court; (3) to initiate and direct discovery; (4) prepare the case for trial; and (5) to engage in settlement negotiations on behalf of Lead Plaintiffs and the Class.

10. Within 14 days from the issuance of this order, counsel for the parties shall meet and confer regarding a deadline for filing an amended complaint and a briefing schedule for any motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and then propose such schedule for the Court's approval.

11. The Clerk is DIRECTED to schedule a status conference for this matter on February 20, 2018 at 9:00 am.

DATED this 5th day of January 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE