THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW SCIABACUCCHI, derivatively on behalf of ZILLOW GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> RICHARD N. BARTON, *et al.*, <br><br> Defendants. | CASE NO. C17-1568-JCC <br><br> ORDER |

This matter comes before the Court on the parties' stipulation and proposed order to consolidate, appoint lead plaintiffs and counsel, and stay proceedings (Dkt. No. 21). On October 23, 2017, Plaintiff Matthew Sciabachucchi filed this verified shareholder derivative complaint ("Derivative Action") against Defendants. (Dkt. No. 1.) On January 8, 2018, Melvyn Klein filed a nearly identical shareholder derivative complaint against Defendants. *See Melvyn Klein v. Richard Barton, et al.*, Case No. C18-0027-JCC, Dkt. No. 1 (W.D. Wash. January 8, 2018).[1] Also pending before this Court, is a related securities class action ("Securities Action") that shares substantial factual overlap with both Derivative Actions. *See In re Zillow Group, Inc.*, Case No. C17-1387-JCC, Dkt. No. 29 (W.D. Wash. 2017, January 5, 2018).

---

[1] The parties have filed an identical stipulation and proposed order in the *Klein* matter.

The parties in both Derivative Actions now stipulate that: (1) the Derivative Actions should be consolidated for all purposes; (2) Sciabachucchi and Klein should be appointed lead plaintiffs in the consolidated Derivative Action; (3) The Weiser Law Firm, P.C. and Gainey McKenna & Egleston should be appointed co-lead counsel, with Badgley Mullins Turner PLLC appointed liaison counsel; and (4) the consolidated Derivative Action should be stayed pending the Court's adjudication of a motion to dismiss in the Securities Action. (Dkt. No. 21 at 3–7.)

The Derivative Actions should be consolidated because they involve common questions of fact and law. *See* Fed. R. Civ. P. 42(a)(1). The Court additionally finds that it is appropriate for the fair and efficient administration of this consolidated action to appoint Sciabachucchi and Klein as lead plaintiffs and to appoint their selected attorneys as co-lead and liaison counsel. Finally, the Court finds that all proceedings should be stayed in this consolidated action pending the resolution of Defendants' motion to dismiss in the Securities Action. *See* 15 U.S.C. § 78u- 4(b)(3)(B) ("In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss . . . .")

Given the above determinations, the Court ENTERS the following stipulation:

## **CONSOLIDATION OF THE ACTIONS**

1.  Defendants hereby agree to accept service of the operative complaints in each of the Derivative Actions.

2.  Defendants are not required to take any action with respect to the complaints filed in the Derivative Actions, including answering or otherwise responding.

3.  The Derivative Actions are hereby consolidated for all purposes, including pretrial proceedings, trial, and appeal, and are referred to herein as the "Consolidated Action."

4.  Every pleading filed in the Consolidated Action, or in any separate action included herein, shall bear the following caption:

| IN RE ZILLOW GROUP, INC. SHAREHOLDER DERIVATIVE LITIGATION | Master File No.: 17-1568-JCC |
|---|---|
| THIS DOCUMENT RELATES TO: | |

5. The files of the Consolidated Action will be maintained in one file under Master File No. C17-1568-JCC.

6. When a document being filed pertains to all of the actions included within the Consolidated Action, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When a pleading applies only to some, but not all, of the actions included within the Consolidated Action, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the last name of the first listed plaintiff in said action.

7. When any shareholder derivative action is filed in this Court, transferred to this Court, or removed to this Court that concerns substantially the same parties, property, transaction, or event and thus should be considered as a "Related Shareholder Derivative Case" and consolidated with, and into, the Consolidated Action, Co-Lead Counsel (defined herein) shall, upon notice of the existence of the Related Shareholder Derivative Case, promptly file a Notice of Related Case in both the Consolidated Action and in the Related Shareholder Derivative Case, serve a copy of this Order signed and entered by the Court (the "Notice") upon counsel of record for the plaintiff(s) in the Related Shareholder Derivative Case and any defendants in such Related Shareholder Derivative Case that have not previously been named in the Consolidated Action (the "Related Case Parties"), and file in the Consolidated Action proof of service of such Notice.

8. The Related Case Parties shall have five (5) business days following service of the Notice to confer with Co-Lead Counsel and counsel for the Defendants. If, following such conferences, any of the Related Case Parties do not agree that the subject action meets the

definition of a Related Shareholder Derivative Case and shall be subject to all terms of this Order, such Related Case Parties shall have fifteen (15) business days from service of the Notice within which to file a motion for entry of an order excepting such action from the terms of this Order (the "Motion"). Such Motion shall be noticed for a hearing date by the Related Case Parties pursuant to a stipulated agreement with Co-Lead Counsel and counsel for Defendants in the Consolidated Action as to such hearing date. If, however, following Notice, none of the Related Case Parties files a Motion within the time frame and subject to the procedures set forth herein, the Court, after notice of such failure filed by the Co-Lead Counsel, shall proceed to conduct any necessary review and enter an order, as appropriate, directing that the Related Shareholder Derivative Case be consolidated with, and into, the Consolidated Action and be subject to the terms of this Order.

9. All documents previously served or filed in any of the actions consolidated with, and into, the Consolidated Action are deemed part of the record in the Consolidated Action.

## APPOINTMENT OF LEAD PLAINTIFFS, CO-LEAD COUNSEL, AND LIAISON COUNSEL

10. Plaintiffs Matthew Sciabacucchi and Melvyn Klein are hereby appointed as Lead Plaintiffs in the Consolidated Action.

11. The Weiser Law Firm, P.C. and Gainey McKenna & Egleston are hereby appointed as Co-Lead Counsel in the Consolidated Action.

12. Badgley Mullins Turner PLLC is hereby appointed as Liaison Counsel in the Consolidated Action.

13. Plaintiffs' Co-Lead Counsel shall set policy for Plaintiffs for the prosecution of the Consolidated Action and delegate and monitor the work performed by all plaintiffs' attorneys to ensure there is no duplication of effort or unnecessary expense.

14. Plaintiffs' Co-Lead Counsel shall assume the following powers and responsibilities on behalf of all plaintiffs: coordinate and direct the preparation of pleadings;

coordinate and direct the briefing and argument of motions; coordinate and direct the conduct of discovery and other pretrial proceedings; coordinate the selection of counsel to act as plaintiffs' spokesperson at pretrial conferences; call meetings of plaintiffs' counsel as they deem necessary and appropriate from time to time; conduct any and all settlement negotiations with counsel for Defendants; coordinate and direct the preparation for trial and trial of this matter, and delegate work responsibilities to selected counsel as may be required; and coordinate and direct any other matters concerning the prosecution or resolution of the Consolidated Action.

15. Any agreement reached between counsel for Defendants and any of Plaintiffs' Co-Lead Counsel shall be binding on the other Co-Lead Counsel, any other counsel for any plaintiff in the Consolidated Action, and on Plaintiffs.

## **STAY OF THE CONSOLIDATED ACTION**

16. The Parties agree that during the pendency of this stay, Defendants shall use best efforts to include Plaintiffs in any formal mediation with the plaintiffs in the Securities Action and shall use best efforts to include Plaintiffs in any formal mediation with any plaintiff in any related derivative lawsuit and discuss their potential participation with the parties in interest.

17. The Parties agree that notwithstanding this stay of this Consolidated Action, Plaintiffs may file an amended complaint, for which Defendants' time to respond shall not begin to run during the stay.

18. All proceedings in this Consolidated Action shall be stayed effective upon the Court's entry of this Order.

19. In the event that Defendants agree to produce, or are ordered to produce by a court of competent jurisdiction, any documents pursuant to an inspection request related to the facts and circumstances at issue in this Consolidated Action made pursuant to Washington law (RCW 23B.16.020) by any holder or beneficial owner of Zillow stock, copies of such documents shall be provided to Co-Lead Counsel within ten (10) business days of Defendants' production, subject to the execution by Plaintiffs and Co-Lead Counsel of a confidentiality agreement

1 governing the use and disclosure of these materials and evidence of Plaintiffs' stock ownership throughout the relevant periods covered by the inspection request.

20. Upon occurrence of either (1) the dismissal of the Securities Action, with prejudice, and exhaustion of all appeals related thereto, or (2) the denial of any motion to dismiss the Securities Action in whole or in part, and the filing of an answer to the operative complaint by Securities Action Defendants; the Parties shall notify the Court within fifteen (15) days and shall submit a joint proposed scheduling order that will provide Defendants at least forty-five (45) days from submission of the proposed order to respond to the complaint. The stay of the Consolidated Action pursuant to this Order shall remain in effect until further Order of this Court or agreement of the Parties.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

IT IS SO STIPULATED

DATED: January 31, 2018.

| | |
|---|---|
| s/ *Duncan Turner* <br> Duncan C. Turner, WSBA No. 20597 <br> **Badgley Mullins Turner PLLC** <br> 19929 Ballinger Way NE, Suite 200 <br> Seattle, WA 98155 <br> Telephone: (206) 621-6566 <br> Facsimile: (206) 261-9686 <br> Email: dturner@badgleymullins.com <br><br> Robert B. Weiser <br> Brett D. Stecker <br> James. M Ficaro <br> **The Weiser Law Firm, P.C.** <br> 22 Cassatt Avenue <br> Berwyn, PA 19312 <br> Telephone: (610) 225-2677 <br> Facsimile: (610) 408-8062 <br> Email: rw@weiserlawfirm.com <br>   bds@weiserlawfirm.com <br>   jmf@weiserlawfirm.com <br><br> **GAINEY McKENNA & EGLESTON** <br> Thomas J. McKenna <br> Gregory M. Egleston <br> 440 Park Avenue South, 5th Floor <br> New York, NY 10016 <br> Telephone:   (212) 983-1300 <br> Facsimile:   (212) 983-0383 <br> Email: tjmckenna@gme-law.com <br> Email: gegleston@gme-law.com <br><br> *Proposed Co-Lead Counsel for Plaintiffs* | s/ *Ronald L. Berenstain* <br> Ronald L. Berenstain, WSBA No. 7573 <br> s/ *Sean C. Knowles* <br> Sean C. Knowles, WSBA No. 39893 <br> **Perkins Coie LLP** <br> 1201 Third Avenue, Ste. 4900 <br> Seattle, WA 98101 <br> Telephone: (206) 359-8000 <br> Facsimile: (206-359-9000 <br> Email: rberenstain@perkinscoie.com <br>   sknowles@perkinscoie.com <br><br> Meryl L. Young, *AdmittedPro Hac Vice* <br> **Gibson, Dunn & Crutcher LLP** <br> 3161 Michelson Drive <br> Irvine, California 92612 <br> Telephone: 949.451.3800 <br> Facsimile: 949.451.4220 <br> Email: myoung@gibsondunn.com <br><br> Alexander K. Mircheff, *Admitted Pro Hac Vice* <br> **Gibson, Dunn & Crutcher LLP** <br> 333 South Grand Avenue <br> Los Angeles, California 90071 <br> Telephone: 213.229.7000 <br> Facsimile: 213.229.7520 <br> Email: amircheff@gibsondunn.com <br><br> *Attorneys for Defendants Richard N. Barton, Erik C. Blachford, Lloyd D. Frink, Jay C. Hoag, Gregory B. Maffei, Spencer M. Rascoff, Gordon S. Stephenson, Gregory L. Waldorf, Kathleen Philips, April Underwood and Nominal Defendant Zillow Group, Inc.* |

The Clerk is DIRECTED to terminate the Status Conference currently scheduled for February 20, 2018.

//

//

//

ORDER
C17-1568-JCC
PAGE - 7

DATED this 5th day of February 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE