THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE ZILLOW GROUP, INC. SHAREHOLDER DERIVATIVE LITIGATION. | Master File No.: C17-1568-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion to seal (Dkt. No. 35). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

This is a shareholder derivative action brought for the benefit of nominal defendant Zillow, Inc., against current and former members of Zillow's board of directors and executive officers, seeking to remedy Defendants' breaches of fiduciary duties and unjust enrichment. (*See* Dkt. No. 36-1 at 2.) The case is related to a parallel securities class action currently before the Court, in which the plaintiffs allege that Zillow and its executives made materially false and misleading statements regarding the legality of its "co-marketing" advertising program. *See In re Zillow Secs. Litig.*, Case No. C17-1387-JCC, Dkt. No. 47 (W.D. Wash. 2018). In that case, the Court recently denied the defendants' motion to dismiss the second amended complaint (Dkt.

1  No. 54), and the defendants have since filed their answer. (Dkt. No. 55.)

2  In this action, the parties entered into a non-disclosure agreement to allow Zillow to
3  designate certain documents it was producing to Plaintiffs pursuant to a books and record
4  demand as confidential. (Dkt. No. 35 at 1.) Plaintiffs subsequently included some of that
5  designated confidential information in their verified consolidated shareholder complaint. (*Id.*; *see*
6  Dkt. No. 36-1.) Plaintiff's filed this motion pursuant to Local Civil Rule 5(g), asking the Court
7  for permission to file and maintain an unredacted copy of the verified consolidated shareholder
8  complaint under seal. (Dkt. No. 35 at 1.) Defendants have filed a brief in support of Plaintiffs'
9  motion. (Dkt. No. 40.)

**II.  DISCUSSION**

**A.  Legal Standard**

"There is a strong presumption of public access to the court's files." W.D. Wash. Local Civ. R. 5(g). When a party wishes to file a document under seal because it contains information that another party has designated as confidential, the parties "must meet and confer to determine whether the designating party will withdraw the confidential designation or will agree to redact the document so that sealing is unnecessary." W.D. Wash. Local Civ. R. 5(g)(1)(A). If the parties are unable to agree to removal or redaction of the confidential material, the filing party may move to file and maintain the document under seal. *See* W.D. Wash. Local Civ. R. 5(g)(2)(B).

To overcome the presumption of public access to the court's files, there must be a "compelling reason" for sealing sufficient to outweigh the public's interest in disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101 (9th Cir. 2016) (applying the "compelling reason" test to motions to seal documents that are "more than tangentially related to the merits of a case"). Courts in the Ninth Circuit have employed the "compelling reason" standard to motions to seal an unredacted copy of a complaint. *See, e.g.*, *Williams & Cochrane, LLP v. Quechan Tribe of the Fort Yuma Indian Reservation*, 2017 WL 7362744, slip op. at 2 (S.D. Cal. 2017) ("District courts generally conclude that the 'compelling reasons' standard

applies because the complaint initiates the civil action.").

## B. Plaintiffs' Motion to Seal

The parties have complied with the procedural requirements for filing an unredacted copy of the verified consolidated shareholder complaint under seal. *See* W.D. Wash. Local Civ. R. 5(g). Plaintiff has redacted a total of 4 paragraphs from the 133-paragraph complaint. (*See* Dkt. No. 36-1 at 19–20.) Defendants argue that this information should remain sealed because it is confidential business information provided to Zillow's board of directors during a non-public meeting. (Dkt. No. 40 at 4.)

Having reviewed the redacted information, the Court concludes that Defendants have demonstrated a compelling reason to file and maintain a copy of the unredacted complaint under seal. The redacted information is confidential business information presented to Zillow's board of directors the disclosure of which could adversely affect future deliberations by the board. Moreover, the redacted information has little public value aside from the inherent value of allowing complete access to the Court's records. *See Hill v. Xerox Corp.*, Case No. C12-0717-JCC, Dkt. No. 113 (W.D. Wash. 2014). Finally, the Court finds that the redactions are a small portion of the overall complaint and will not impair the public's ability to understand the nature or basis of Plaintiffs' claims.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to seal (Dkt. No. 35) is GRANTED. The Clerk shall maintain a copy of the verified consolidated shareholder complaint (Dkt. No. 37) under seal until further order of the Court.

DATED this 30th day of July 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE