THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE ZILLOW GROUP, INC. SHAREHOLDER DERIVATIVE LITIGATION. | Master File No. C17-1568-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' unopposed motion to substitute party plaintiff (Dkt. No. 89). Having thoroughly reviewed the motion and the relevant record, the Court GRANTS the motion for the reasons explained below.

This is a consolidated shareholder derivative action brought for the benefit of Nominal Defendant Zillow Group, Inc., against current and former members of Zillow's board of directors and executive officers, seeking to remedy Defendants' alleged breaches of fiduciary duties and unjust enrichment. (*See* Dkt. No. 36-1 at 2.) On August 31, 2021, Plaintiff Melvyn Klein's counsel filed a notice of suggestion of Mr. Klein's death under Federal Rule of Civil Procedure 25(a)(1). (Dkt. No. 78.) In December 2021, Mr. Klein's daughter, Cindy Maloney, was appointed as executrix of Mr. Klein's last will and testament by the Nassau County Surrogate's Court. (Dkt. No. 89 at 2.) Plaintiffs' counsel now moves to substitute Mr. Klein with Ms. Maloney as a party plaintiff in this matter. (Dkt. No. 89 at 1.)

If a party dies and the claim survives, the Court may order substitution of the proper party. Fed. Rule. Civ. P. 25(a)(1). A motion for substitution may be made by any party or by the decedent's successor or representative. (*Id.*) If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed. (*Id.*). So, in deciding a motion to substitute under Rule 25(a)(1), a court must consider whether: (1) the motion is timely; (2) the pleaded claims survive; and (3) the person being substituted is a proper party. *See* Fed. Rule Civ. P. (25)(a)(1).

"The substituted party steps into the same position as the original party." *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996). "Rule 25(a) should be applied flexibly and liberally to permit substitution of the party or parties who . . . would adequately represent [the decedent's] interests." *In re Baycol Prods. Litig.*, 616 F.3d 778, 789 (8th Cir. 2010).

Here, the motion was timely filed[1], it is uncontested that Mr. Klein's claim survived his death, and declaratory evidence establishes Ms. Maloney as a successor in interest to Mr. Klein. (*See* Dkt. Nos. 90-1 (decree admitting Mr. Klein's will to probate), 90-2 (certificate of appointment of executor naming Ms. Maloney).) The Court thus FINDS that Ms. Maloney is a properly substituted party.

Accordingly, Plaintiff's motion to substitute (Dkt. No. 89) is GRANTED. Cindy Maloney is hereby SUBSTITUTED for Plaintiff Melvyn Klein. The Clerk shall update the ECF docket header and case caption accordingly.

DATED this 21st day of March 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] The Court granted an extension for Plaintiff Klein to move to substitute the party plaintiff, (Dkt. No. 83), and the pending motion falls within the new deadline, (*See id.*; Dkt. No. 89.)

ORDER
C17-1568-JCC
PAGE - 2