1

The Honorable John C. Coughenour

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

| IN RE ZILLOW GROUP, INC. SHAREHOLDER DERIVATIVE LITIGATION | Master File No.: 17-cv-01568-JCC |
|---|---|
| THIS DOCUMENT RELATES TO: ALL ACTIONS | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

10

11

12

13

14

15

16      WHEREAS, the above-referenced consolidated derivative action (the "Action") is

17 pending before this Court styled *In re Zillow Group, Inc. Shareholder Derivative Litigation*,

Master File No.: 17-cv-01568-JCC;

18

19      WHEREAS, the following consolidated shareholder derivative action currently pending

20 in state court is related to the Action: *In re Zillow Group, Inc. Shareholder Derivative Litigation*,

Master File No. 17-2-29103-0 SEA, Superior Court, Washington State, King County (the "State

21 Derivative Action" and together with the Action, the "Actions");

22      WHEREAS, Plaintiffs Sciabacucchi and Maloney have made an application for an order:

23 (i) preliminarily approving the proposed Settlement of the Actions, in accordance with the

24 Stipulation and Agreement of Settlement dated April 20, 2023 (the "Stipulation"), which, together

25 with the exhibits attached thereto, sets forth the terms and conditions for the proposed Settlement

26 and dismissal with prejudice of the Actions, upon the terms and conditions set forth therein; and

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND PROVIDING FOR
NOTICE - 1
CASE NO: 2:17-cv-01568-JCC

(ii) approving the form and content of notice of the pendency of the Actions and proposed

Settlement to Current Zillow Shareholders[1];

WHEREAS, unless otherwise defined herein, all capitalized terms contained herein shall

have the same meanings as set forth in the Stipulation; and

WHEREAS, the Court has read and considered the Stipulation and the exhibits attached

thereto.

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      This Court has jurisdiction over the subject matter of the Action, and the Parties

to the Stipulation agreed to submit to the jurisdiction of the Court for purposes of implementing

and enforcing the Settlement embodied in the Stipulation.

2.      The Court does hereby preliminarily approve, subject to further consideration at

the Settlement Hearing described below, the Stipulation and the Settlement set forth therein,

including the terms and conditions for settlement and dismissal with prejudice of the Actions.

3.      The Settlement Hearing shall be held before the Court on August 22, 2023 at 9:00

a.m. to determine:  (i) whether the terms and conditions of the Settlement set forth in the

Stipulation are fair, reasonable, and adequate to Zillow and Current Zillow Shareholders and

should be finally approved by the Court; (ii) whether a Final Order and Judgment approving the

Settlement, substantially in the form attached to the Stipulation as Exhibit E, should be entered;

and (iii) whether to approve the agreed upon amount of attorneys' fees and expenses ("Fee and

Expense Award").

4.      The Court approves, as to form and content, the Notice, attached as Exhibit C to

the Stipulation, and the Summary Notice, attached as Exhibit D to the Stipulation, and finds that

the posting of the Notice and publication of the Summary Notice in the manner and form set forth

in paragraph 5-6 of this Order meets the requirements of Fed. R. Civ. P. 23.1 and due process,

---

[1] All capitalized defined terms in this Preliminary Approval Order are defined as and have the same meaning as those terms are defined in the Stipulation and Agreement of Settlement unless otherwise defined herein.

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND PROVIDING FOR
NOTICE - 2
CASE NO: 2:17-cv-01568-JCC

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

and constitutes due and sufficient notice of all matters relating the Settlement to all Persons entitled to such notice.

5. No later than ten (10) business days following entry of this Order, Zillow shall cause the Summary Notice, substantially in the form attached to the Stipulation as Exhibit D, to be published one time in the *Investor's Business Daily*.

6. Zillow also shall provide disclosure of the proposed settlement, including a reference to the Investor Relations page on Zillow's website which shall provide a copy of the Stipulation and Notice, in Zillow's next Form 10-Q filed with the Securities and Exchange Commission.

7. No later than seven (7) calendar days prior to the Settlement Hearing, Zillow shall file with the Court and serve on Plaintiffs' Counsel proof, by affidavit or declaration, of compliance with the notice procedures set forth in this Order.

8. Any and all Notice Costs shall be paid by Zillow, regardless of whether the Court finally approves the Settlement or the Effective Date fails to occur, and in no event shall Plaintiffs or Plaintiffs' Counsel be responsible for the payment of any Notice Costs.

9. All papers in support of the Settlement and the Fee and Expense Award shall be filed with the Court and served no later than twenty-one (21) calendar days prior to the Settlement Hearing and any reply papers shall be filed with the Court no later than seven (7) calendar days prior to the Settlement Hearing.

10. Any Current Zillow Shareholder who continues to own Zillow common stock through the date of the Settlement Hearing may file a written objection to the Settlement and/or to the payment of the Fee and Expense Award and appear and show cause, if he, she or it has any cause, why the Settlement and/or the Fee and Expense Award should not be approved; provided, however, that, unless otherwise directed by the Court for good cause shown, no such person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement and/or the payment of the Fee and Expense Award to Plaintiffs' Counsel unless that person or entity: (i) files notice of an intention to appear that includes proof of current ownership of Zillow

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND PROVIDING FOR
NOTICE - 3
CASE NO: 2:17-cv-01568-JCC

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

common stock; (ii) files papers in support of the objection with the Clerk of the Court by at least fourteen (14) calendar days prior to the hearing; and (iii) ensures such notice and papers have been served on and received by counsel as identified in the Notice by at least fourteen (14) calendar days prior to the Settlement Hearing.

11.     Any objection:  (a) must state the name, address and telephone number of the person or entity objecting and, if represented by counsel, the name, address and telephone number of his, her or its counsel; (b) must be signed by the shareholder; (c) must contain a written, specific statement of the shareholder's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the shareholder wishes to bring to the Court's attention; (d) must state that the objection is being filed with respect to "*In re Zillow Group, Inc. Shareholder Derivative Litigation*, Lead Case No: 17-cv-01568-JCC"; and (e) must include documentation sufficient to prove that the shareholder held shares of Zillow common stock as of the close of business on April 20, 2023 and continues to hold such shares.

12.     Any Current Zillow Shareholder who wishes to be heard orally at the hearing in opposition to the approval of the Settlement and/or the Fee and Expense Award must also file a notice of appearance with the Clerk of the Court a so that it is received no later than fourteen (14) calendar days prior to the Settlement Hearing.  Shareholders who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Any person appearing at the Settlement Hearing must present at the hearing documentation sufficient to prove that the shareholder continues to hold shares of Zillow common stock as of the date of the hearing.

13.     Unless otherwise ordered by the Court, any Current Zillow Shareholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object and shall forever be barred from raising any objections to the Settlement and/or the Fee and Expense Award, or any other matter related to the Settlement, in

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND PROVIDING FOR
NOTICE - 4
CASE NO: 2:17-cv-01568-JCC

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

the Action or in any other action or proceeding, but shall otherwise be bound by the Final Order and Judgment to be entered and the Releases to be given.

14.     All Current Zillow Shareholders shall be bound by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Current Zillow Shareholders.

15.     All proceedings in the Action, other than those relating to the Settlement itself, are hereby stayed until further Order of the Court.   Pending final determination of whether the Settlement should be approved, Plaintiffs and all other Current Zillow Shareholders are hereby barred and enjoined from commencing or prosecuting, derivatively on behalf of Zillow, any of the Plaintiffs' Released Claims against any of the Defendants' Released Persons.

16.     Neither the Stipulation (whether or not consummated), including the exhibits thereto, the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (i) shall be offered against any of the Defendants' Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Released Persons with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in the Actions or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Released Persons or in any way referred to for any other reason as against any of the Defendants' Released Persons, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the Settlement; or (ii) shall be offered against any of the Plaintiffs' Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Released Persons that any of Plaintiffs' claims are without merit, that any of the Defendants had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement consideration or with respect to any liability, negligence, fault or wrongdoing of any

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND PROVIDING FOR
NOTICE - 5
CASE NO: 2:17-cv-01568-JCC

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

kind, or in any way referred to for any other reason as against any of the Plaintiffs' Released

Persons, in any civil, criminal or administrative action or proceeding, other than such proceedings

as may be necessary to effectuate the Settlement; provided, however, that the Parties, the Released

Persons, and their respective counsel may file the Stipulation and/or the Judgment in any action

that may be brought against them in order to support a defense or counterclaim based on principles

of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or

any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17.     The Court reserves the right to adjourn the date of the Settlement Hearing, or any

adjournment thereof, or modify any other dates set forth herein without further notice to Current

Zillow Shareholders and retains jurisdiction to consider all further applications arising out of or

connected with the Settlement.  The Court may approve the Settlement and any of its terms, with

such modifications as may be agreed to by the Parties, if appropriate, without further notice to

Current Zillow Shareholders.

IT IS SO ORDERED.


DATED: April 25, 2023


_____

Honorable John C. Coughenour

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND PROVIDING FOR
NOTICE - 6
CASE NO: 2:17-cv-01568-JCC

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686